IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| GREGORY H. SPIVEY, | : | |
| Plaintiff | : | |
| VS. | : | |
| Sheriff THURMOND ELLIS and the BEN HILL COUNTY COMMISSIONERS, | : | NO. 1:05-cv-162(WLS) |
| Defendants | : | **ORDER TO SUPPLEMENT** |

Plaintiff **GREGORY H. SPIVEY**, an inmate at the Ben Hill County Jail in Fitzgerald, Georgia, has filed a one-page complaint to the Court which the Clerk docketed as an action under 42 U.S.C. § 1983.

## *I. MOTION TO PROCEED IN FORMA PAUPERIS*

Plaintiff also seeks leave to proceed without prepayment of the $250.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on plaintiff's submissions, the Court finds that plaintiff is unable to prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

It is hereby **ORDERED** that plaintiff's custodian or his designee shall set aside twenty percent (20%) of all deposits made to plaintiff's trust fund account and forward those funds to the Clerk each time the amount set aside exceeds $10.00, until the $250.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). The Clerk of Court is directed to send a copy of this order to the

business manager and the warden of the institution where plaintiff is incarcerated.

## II. BACKGROUND

In his complaint, plaintiff alleges that the Sheriff and Commissioners of Ben Hill County, Georgia, were deliberately indifferent to the risk of fire in the Ben Hill County Jail because said jail has inoperative smoke detectors. The complaint lacks detailed factual allegations, but a fellow inmate apparently started a fire on an unspecified date. The only injuries asserted in plaintiff's complaint are headaches and a bad leg sprain, but it is not clear that said injuries resulted from the fire. Plaintiff seeks damages for his pain and suffering.

## III. ORDER TO SUPPLEMENT

Upon initial review of plaintiff's complaint, the Court finds that additional information is needed before a proper evaluation of plaintiff's claims can be made. Accordingly, plaintiff is instructed to supplement his complaint to explain in precise detail:

(1) the date on which the fire occurred;

(2) the nature and extent of the fire;

(3) plaintiff's location in the prison in relation to the fire;

(4) all factual details regarding any injuries suffered by plaintiff as a result of the fire;

(5) how the named defendants are responsible for the conditions about which he complains; and

(6) what efforts plaintiff made to bring the conditions to the attention of the authorities.

Plaintiff is directed to set forth the above information on court-provided section 1983 forms, which the Clerk of Court should include with its service of this order upon plaintiff.

Plaintiff is hereby given thirty (30) days from receipt of this order to submit a supplement to his complaint, limited to these claims only.  No other claims will be considered.  If plaintiff fails to respond to this order in a timely manner, this action shall be dismissed.  There shall be no service of process until further order of the Court.

**SO ORDERED**, this 2nd  day of December, 2005.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE