IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| GREGORY H. SPIVEY, | : | |
| Plaintiff | : | |
| VS. | : | |
| Sheriff THURMOND ELLIS, *et al.*, | : | NO. 1:05-cv-162(WLS) |
| Defendants | : | **RECOMMENDATION** |

In compliance with the Court's previous order, plaintiff **GREGORY H. SPIVEY** has filed a supplement to his complaint (Tab # 6).

*I. STANDARD OF REVIEW*

*A. 28 U.S.C. § 1915(e)(2)*

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing

one." *Neitzke*, 490 U.S. at 327 (quoting **Hishon v. King & Spalding**, 467 U.S. 69, 73 (1984)).

### B.  General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987).  Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law.  *Id.*

## II.  BACKGROUND

This case stems from a fire that allegedly occurred at the Ben Hill County Jail in January or February of 2004.  According to plaintiff, he allegedly remained in his "smoke-filled" cell for over 20 minutes until he was finally evacuated from the jail, along with all the other inmates.  Prior to being evacuated, plaintiff alleges that he ran into the steel door to his cell, apparently because he panicked and could not see through the smoke.  As a result of the fire, plaintiff claims that he suffered headaches and unspecified injuries to his arms and legs.

Plaintiff alleges that Sheriff Thurmond Ellis and County Commissioners are liable to him for failing to train jail officers on how to respond to such emergency situations and for failing to have certain safety features in place (*e.g.,* working smoke detectors and fire-exit doors).

## III.  DISCUSSION

### A.  The Ben Hill County Board of Commissioners

Plaintiff includes Ben Hill County Board of Commissioners as defendants herein.  Plaintiff's

claims against the Commissioners are construed as claims against Ben Hill County. To establish municipal liability, plaintiff is required to show that Ben Hill County has a policy or custom of violating the constitutional rights of individuals and that the policy or custom is the moving force behind the constitutional violation he alleges. ***Pembaur v. City of Cincinnati***, 475 U.S. 469, 479 (1986); ***Church v. City of Huntsville***, 30 F.3d 1332, 1343 (11th Cir. 1994). He must also show a direct causal link between the alleged policy and the constitutional deprivations. ***City of Canton, Ohio v. Harris***, 489 U.S. 387 (1989). The Eleventh Circuit has held that no such causal connection exists in Georgia between the counties and sheriff's departments. ***Manders v. Lee***, 338 F.3d 1304, 1315 (11th Cir. 2003) (sheriff's authority and duty to administer the jail in his jurisdiction flows from the State, not the county); *see also Wayne County Bd. of Comm'rs v. Warren*, 236 Ga. 150, 152, 223 S.E.2d 133 (1976) (stating a county has no liability for the violations of the civil rights of any person by a county sheriff). In addition, plaintiff has not alleged that any of the Ben Hill County Board of Commissioners had actual knowledge of any of the wrongs alleged by plaintiff.

In light of the above, it is **RECOMMENDED** that the claims against the Ben Hill County Board of Commissioners be **DISMISSED** and that they be terminated as defendants.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

### B. Sheriff Thurmond Ellis

While plaintiff has not alleged specific facts which connect this defendant to his claim, as

Sheriff of Ben Hill County, Ellis presumably is charged with training, supervision, and control over the Ben Hill County Jail. Therefore, the Court will, by separate order, allow plaintiff's claim against Sheriff Ellis to go forward.

**SO RECOMMENDED**, this 10th day of January, 2006.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE